874 So.2d 480 (2004)
Debra BERMOND, Appellant,
v.
CASINO MAGIC, Employer and Great American Insurance Company, Carrier, Appellees.
No. 2003-WC-01739-COA.
Court of Appeals of Mississippi.
May 25, 2004.
*481 Floyd J. Logan, Gulfport, attorney for appellant.
William D. Blakeslee, Gulfport, attorney for appellees.
Before KING, C.J., BRIDGES, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the Court.
¶ 1. Following an award of temporary total benefits and medical treatment by an administrative law judge, the Mississippi Workers' Compensation Commission entered an order denying all benefits to Debra Bermond, stating that the findings of fact made by the administrative law judge did not support a finding that Bermond had suffered a compensable cervical injury on the date that she fell while working for Casino Magic. The Circuit Court of Hancock County affirmed the Commission. Bermond appeals asserting three issues which we quote verbatim:
1. Whether there was substantial evidence to support the Commissions reversal of the decision of the administrative law judge awarding benefits to claimant.
2. Whether the administrative law judge erred in admitting the employee accident report of March 7, 2000.
3. Whether claimant's failure to seek employment is fatal as a matter of law, under this case, to the claim of total disability.
We find that while the Commission relied in part on evidence not properly in the record, additional evidence supported the Commission's decision to overturn the administrative judge's order, and we affirm the finding that Bermond's work-related accident did not cause the injuries for which she sought treatment, and this finding makes it unnecessary for us to address whether Bermond's admitted failure to seek employment is fatal to her claim of total disability.

FACTS
¶ 2. The parties agree that Bermond was initially hired in April of 1998, and on March 7, 2000, she slipped and fell while at work. The disputed factual issue is whether the evidence could support a finding that the fall caused, or aggravated a preexisting condition, of spondylosis at the neck vertebrae C6-7 necessitating a cervical discetomy and bone fusion.
¶ 3. The day before the fall, March 6, 2000, Bermond went to Gulf South Urgent Care (Urgent Care) complaining of pain and tingling in her left arm, and carpal tunnel syndrome was diagnosed. On the day of the fall, Bermond's supervisor, Barbara Maas, testified that after Bermond fell, she initially did not complain of any injury to her left arm, shoulder or neck. Rather, the only injury Bermond reported was that she had skinned her knees, and she declined Maas' suggestion that she should go to Urgent Care for treatment. Additionally, on the employee accident report *482 that Bermond completed on the day of the fall, the only injury she listed was to her "knee caps." However, during the hearing, which took place on December 6, 2001, the administrative judge ruled that Casino Magic had committed a discovery violation in failing to disclose this record prior to the hearing, and he initially ruled that the document could not be substantively entered into evidence, though he did allow it to be placed in the record for identification purposes. Inexplicably, the hearing officer reopened the record on May 24, 2002, without the presence of counsel for either party, and without any explanation admitted the document substantively into the record. Because this document was not put into evidence substantively at the hearing, Bermond was not questioned directly about it. However, Bermond testified prior to Maas, and Bermond stated that she did indeed complain to Maas about pain in her left arm and neck immediately after the fall.
¶ 4. Regardless of what injury Bermond actually reported, the record was clear that Bermond was placed on "light duty" in the laundry on March 7, 2000 and finished her shift that day. Bermond testified that she worked in the laundry again the next day, but her injuries were so painful that she could not continue. Maas initially testified Bermond did not work on March 8th, but on cross-examination appeared less certain. March 9th and 10th were Bermond's regularly scheduled days off. Bermond testified that Maas told her to take short-term disability leave, which she did for one week. Maas denied telling Bermond to take short-term disability leave. At any rate, the record was clear that on March 18, 2000, Bermond returned to Casino Magic and filed for both family medical leave and disability benefits. What actually transpired during the time after Bermond ceased working and returned to file for leave was disputed. Maas, and two other Casino Magic employees, Tamera Whavers, employee benefits manager, and Brandi Wyman, room attendant, testified that Bermond told them she had vacationed in Mexico or Disney World. Bermond denied both that she made such statements and that she took any vacation.
¶ 5. Bermond testified that she did not apply for workers' compensation benefits because Whavers told her sometime around March 20th to 22nd that she would be better off applying for disability benefits. Bermond also stated that Whavers counseled her to not disclose that her injury was work related, because this disclosure would prevent her from qualifying for disability insurance provided by Casino Magic as an employee benefit. Bermond also testified that she did not discuss any medical treatment with Whavers when she applied for disability benefits because she had not yet made any appointment with a physician. Whavers denied telling Bermond to not disclose a work-related injury. Whavers testified that when Bermond came to apply for disability benefits, she told Bermond that an employee could not apply for disability insurance benefits if they had a work-related injury, and that Casino Magic policy was that an employee had to apply for family medical leave prior, or simultaneously, to applying for disability benefits.
¶ 6. Bermond returned to Urgent Care on March 21, 2000 complaining of left arm pain and finger numb and tingling. Dr. Burwell testified that Bermond complained of pain and tingling in her left arm and hand, and pain in her left shoulder, all of one month's duration. She specifically told him her injury was not work-related. He diagnosed degenerative changes to her spine, gave her a work restriction of not lifting more than twenty pounds, and *483 planned to see her in a month, but she never returned.
¶ 7. Dr. Henry Danielson, a neurosurgeon, testified that he initially saw Bermond on May 18, 2000. He said Bermond gave him a history of a fall at work and brought with her an MRI. He performed the cervical discetomy on June 28, 2000. His medical opinion was that the fall at work caused "a considerable aggravation of her pre-existing condition," and necessitated the surgery. He said that she had been temporarily totally disabled from the date of the surgery until December 12, 2000, and was instructed against prolonged extension of her neck and had sustained a 10% permanent partial impairment, but lifting up to her shoulder level was permissible. However, Dr. Danielson testified on cross-examination that he had not been aware that Bermond had not complained of a work-related injury prior to seeing him, but he would not agree with Casino Magic's counsel that the injury was not work related, because he felt that Bermond's symptoms changed following the fall at work. Nevertheless, Bermond did in fact report substantially the same symptoms to Urgent Care on March 6, 2000, that she reported to the Hancock Medical Center of March 20, 2000. The March 20th records state she presented "the same complaints" that she reported to Urgent Care two weeks previously. Following her recuperation, Bermond did not seek any employment.
¶ 8. Upon this evidence, the administrative judge found:
[T]he claimant has proven by a slim but fair preponderance of the evidence that her admitted slip and fall accident on March 7, 2000 resulted in the cervical injury that required the surgical intervention by Dr. Harry Danielson on June 28, 2000, based on her own testimony and the expert testimony of Dr. Danielson. Even if we were to accept as a given that Ms. Bermond went to Mexico in March of 2000, as urged by the defendants, that fact would not be preclusive of an award in this case, and, besides doubtful matters are to be resolved in favor of compensation.
The administrative judge awarded both temporary total benefits at a rate of $143.37 a week, beginning on June 28, 2000, and ending on December 12, 2000, as well as medical services and supplies that had been, and would in the future be, necessary to treat Bermond's cervical injury.
¶ 9. The Commission overruled the administrative judge, stating:
the Commission notes that although the findings of fact made by the administrative judge are consistent with the testimony and evidence, these facts do not support the Administrative Judges's decision awarding compensability. Although not disputing that the claimant fell on March 7, 2000 while at work at Casino Magic, the Commission believes that the following facts, found by the Administrative Judge, support a finding that the claimant did not suffer a compensable cervical injury on that date:
* The claimant prepared the top portion of the document captioned "Casino Magic Employee Accident Report (Exhibit E/C-11) indicating injury to her knee caps on March 7, 2000.
* The claimants supervisor, Barbara Maas, completed the bottom portion of the document (E/C-11) and indicated that the claimant had denied medical attention for this injury because "it was just her knee caps that were skin [sic] and had some blood and she was alright."
* Claimant does not dispute Ms. Maas position on the document (Exhibit E/C-11), which is consistent with her own.

*484 * The day prior to the work related fall on March 7, 2000, claimant had reported to a medical facility (Gulf Coast Urgent Care) with complaints of arm and neck pain, notably upper left extremity and left shoulder complaints with onset two weeks before March 6, 2000.
* On March 22, 2000, when the claimant reported to Dr. Burwell, she indicated on the patient history form that he required that she had not been injured on the job and that the symptoms of which she complained (upper left extremity and shoulder pain) had onset about a month prior to the March 22, 2000 visit.

ANALYSIS
¶ 10. The findings and orders of the Mississippi Workers' Compensation Commission are binding on all appellate courts so long as the decisions are supported by substantial evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988). This is a general deferential standard of review to the findings of the Commission. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245 (Miss.1991). As a matter of custom and practice, the administrative law judge is generally, within the Commission, the individual who conducts the hearing and hears the live testimony. However, it is the Commission itself that is the finder of the facts and that on judicial review, its findings and decisions are subject to the normal deferential standards, notwithstanding the opinion of the administrative law judge. Walker Mfg. Co., 577 So.2d at 1245.
¶ 11. In this case, despite the Commission's opinion that the administrative judge's findings could not support finding a compensable injury, Bermond's and Dr. Danielson's testimony did support such a finding. Nevertheless, the Commission as ultimate finder of fact was within its power to reject the administrative law judge's opinion, so long as substantial evidence supported the Commission's own judgment. However, the Commission's order relied on the employee accident report, which the administrative judge had ruled was not provided in discovery, and that a discovery violation occurred contrary to the rules of the Commission. Administrative judges in workers' compensation hearings are authorized to enforce discovery provisions. Mississippi Code Ann. § 71-3-61(1) (Rev.2000). See also, Congleton v. Shellfish Culture, Inc., 807 So.2d 492 (¶ 13) (Miss.Ct.App.2002). The Commission itself has discretion to enlarge the scope of the record and relax rules of discovery applicable to hearings. Mid-Delta Home Health, Inc. v. Robertson, 749 So.2d 379 (¶ 30) (Miss.Ct.App.1999). However, the record is simply silent as to why, nearly seven months after the hearing and less than two weeks prior to the full Commission taking up this case, the administrative judge without any explanation or, apparently, notice to counsel reopened the record to admit the employee accident report, contrary to his ruling at the initial hearing. The Commission made no finding that the administrative judge erred in finding a discovery violation, or in precluding the substance of the employee accident report to be admitted into evidence. The record does not reveal any satisfactory answer as to why the employee accident report was not included in discovery. Casino Magic tried to explain that the attorney who handled the discovery had left the firm, and that while it had provided Bermond's entire personnel file, the document was found in "her old file," yet the document itself has fax numbers and handwritten notes showing that it was faxed to Maas on June 19, 2000, nearly six months before the hearing took place. The concern that the Commission follow its own rules is not merely academic, because the failure to abide by recognized discovery rules impacts *485 whether a decision is seen as arbitrary and capricious, and an violation of due process. Mid-Delta Home Health, Inc., 749 So.2d at (¶ 28) (citing Dunn, MISSISSIPPI WORKERS' COMPENSATION, § 261 (3d ed.1982)). Moreover, it is an "immutable" aspect of due process that a person against whom evidence is to be used be afforded an opportunity to refute the evidence. Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). While administrative agencies are to be given deference is applying their rules, what conveys due process is the very fact that agencies abide by these rules when making decisions. Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 523, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). Therefore, without some justification of why the administrative judge acted contrary to his ruling at the hearing, or why the Commission chose to disregard the administrative hearing officer's decision as to the enforcement of its own procedural rules, this Court cannot say no error occurred.
¶ 12. However, Bermond cannot complain that the Commission's consideration of the employee accident report caused surprise. And, Bermond cannot contend that trial by ambush would have occurred if the administrative hearing officer had allowed it to introduced at the hearing, because she knew the document existed and what it contained. In effect, what Bermond was not afforded was the opportunity to say the employee accident report did not accurately reflect her injuries, and the record shows she did this on numerous occasions. Moreover, this Court will affirm a decision of the Commission if it is supported by substantial evidence. Fought, 523 So.2d at 317. The record contained, in addition to the employee accident report, a form titled workers' compensation first report of injury or illness. This document's information derived from the employee accident report, as Casino Magic supplied the information to the Commission, but there is not doubt that this document was properly admitted, and it indicates that the only injury reported was to "the knees." Moreover, the record contained Bermond's application for disability benefits, in which she averred her injury was not work related. Similarly, she represented to Urgent Care, Dr. Burwell, and the Hancock Medical Center that her injury was not work-related. Given this evidence, this Court cannot say the Commission's decision was unsupported by substantial evidence.
¶ 13. In sum, we find that any error that occurred when the administrative judge reopened the record to admit the employee accident report does not rise to the level of denying Bermond due process, and substantial evidence supported the Commission's finding that no compensable injury occurred. Because the Commission is affirmed on finding no injury, it is unnecessary to address whether the Commission erred in not awarding permanent disability benefits.
¶ 14. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. THE APPELLANT IS ASSESSED COSTS OF THIS APPEAL.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., NOT PARTICIPATING.