IRVING, J.,
for the Court.
¶ 1. The Jackson County Circuit Court granted the City of Ocean Springs’ (the City) motion to dismiss a cause of action brought against it by Finicky Pet Foods, Inc. (Finicky Pet), finding that Finicky Pet’s claim was time-barred. Feeling aggrieved, Finicky Pet appeals and asserts that the circuit court erred in finding its claim time-barred.
¶ 2. We find that Finicky Pet is procedurally barred from challenging the ruling which dismissed its amended complaint. Therefore, we affirm the judgment of the circuit court. '
FACTS
¶3. After operating a fish processing plant in Pascagoula, Mississippi, for nearly twenty years, Finicky Pet decided to relocate its business to Ocean Springs. Because Finicky Pet intended to use a build *332 ing that was not suitable for carrying out its business, it was required to obtain permits from the City to refurbish the building. The City issued Finicky Pet several permits between March 1, 2002, and June 11, 2002, for various renovations to the building. Then, in July 2002, the Board of Aldermen (the Board) suspended the permits and enjoined Finicky Pet from proceeding with its plan to use the facility as a fish processing plant. On October 15, 2002, the Board voted to permanently revoke all permits previously issued to Finicky Pet. On November 6, 2002, the minutes from the October 15th meeting were approved by the Board. Finicky Pet filed its notice of claim on November 5, 2003. Thereafter, on May 28, 2004, Finicky Pet filed a complaint against the City alleging that the City arbitrarily and capriciously suspended and revoked the permits that had been previously issued, causing it to suffer an economic loss in the sum of $500,000.
¶ 4. The City responded on September 1, 2004, by filing a motion to dismiss on the ground that Finicky Pet failed to file an appeal within the ten-day period prescribed by Mississippi Code Annotated section 11-51-75 (Rev.2002) for appeals from a decision of a municipal authority to circuit court. The Jackson County Circuit Court heard the matter on November 5, 2004. At the hearing, Finicky Pet argued that the City issued it a permit for a meat processing plant, rather than a permit for a fish processing plant. The court granted Finicky Pet leave to amend its complaint and also granted the City’s motion to dismiss insofar as the complaint attempted to appeal the City’s decision as being time-barred under section 11-51-75. Then, Finicky Pet filed an amended complaint wherein it asserted that its sole cause of action against the City was for negligent issuance of the permits.
¶ 5. The City filed its answer to Finicky Pet’s amended complaint, denying all liability and affirmatively asserting that Finicky Pet failed to comply with the applicable statute of limitations periods. Thereafter, the City filed a second motion to dismiss wherein it asserted that Finicky Pet’s claim should be dismissed because Finicky Pet failed to commence the action within the one-year statute of limitations period. The City further asserted that Finicky Pet was barred or estopped from alleging that the City acted arbitrarily and capriciously in issuing the permits because issuance of the permits was the very act that it sought.
¶ 6. On July 1, 2005, the circuit court granted the City’s motion, finding that the statute of limitations ran on October 15, 2003, which was one year after the permits were revoked. The court reasoned that, pursuant to Mississippi Code Annotated section 21-15-33 (Rev.2007), the minutes of the October 15, 2002, meeting became legally effective retroactive to October 15, 2002, after they were adopted and approved on November 6, 2002.
¶ 7. On July 13, 2005, Finicky Pet filed a motion to set the judgment aside. The caption of the motion indicates that it was filed pursuant to Rules 59 and 60 of the Mississippi Rules of Civil Procedure. However, none of the allegations in the body of the motion bring it within the ambit of any of the provisions of Rule 60, which would justify relief from the order of dismissal that was entered on July 1, 2005. Nevertheless, this motion was not noticed for hearing. Twenty-one months later, on April 4, 2007, the circuit clerk, pursuant to Rule 41 of the Mississippi Rules of Civil Procedure, filed a motion to dismiss the case for lack of prosecution. On April 23, 2007, Finicky Pet filed a motion to keep the case open. As was the case with its motion to set aside the judgment, Finicky
*333 Pet never noticed this motion for hearing. Ten months later, on February 8, 2008, the circuit court sua sponte considered the status of the case. The circuit court found: (1) that it had issued an order on June 80, 2005,[1] dismissing Finicky Pet’s complaint; (2) that on July 13, 2005, Finicky Pet filed a motion to set aside the judgment and that that motion was never called up for hearing; (3) that on April 4, 2007, the clerk filed a motion to dismiss the amended complaint for lack of prosecution; and (4) that on April 23, 2007, Finicky Pet filed a motion to keep the case open and this motion, like Finicky Pet’s previous motion, was never called up for hearing. Based on these findings, the circuit court denied Finicky Pet’s motion to set aside the judgment, and dismissed the case. It is from this order of dismissal that Finicky Pet now appeals.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. “[An appellate court] uses a de novo standard of review when passing on questions of law including statute of limitations issues.” Stephens v. Equitable Life Assurance Soc’y of U.S., 850 So.2d 78, 82(¶ 10) (Miss.2003) (quoting ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45(¶ 10) (Miss.1999)).
¶ 9. In its sole issue, Finicky Pet contends that the court erred in finding that its claim was time-barred. For the reasons that we now explain, we find that this issue is procedurally barred, and we, therefore, affirm the circuit court’s dismissal of Finicky Pet’s amended complaint.
¶ 10. We first note, as stated, that the circuit court dismissed Finicky Pet’s amended complaint on July 1, 2005, and that Finicky Pet did not file an appeal from this dismissal. It did, however, file a motion on July 13, 2005, to set aside the judgment, but never noticed this motion for hearing. Since the motion was filed more than ten days after the order of dismissal, it was untimely.[2] Therefore, at this point, Finicky Pet lost its right to appeal the July 1, 2005, order of dismissal unless it filed a notice of appeal on or before August l.[3] We reach this conclusion being fully mindful that the caption of Finicky Pet’s July 13th motion indicates that the motion was filed pursuant to both Rules 59 and 60. But, as previously noted, none of the allegations contained in the motion to set aside the judgment are sufficient to entitle Finicky Pet to any relief under Rule 60. We quote the gravamen of the motion:
I.
Plaintiff would show that this Court entered its Order granting the Defendant’s Motion to Dismiss on or about June 30, 2005.
II.
The Motion to Dismiss had been filed by the Defendant upon the basis that the statute of limitation[s] had run before the claim notice was issued unto the City of Ocean Springs.
III.
The Plaintiff respectfully submits that no legal authority was provided for the *334 Defendant’s position. At the hearing on the Motion for Summary Judgment, the Court asked the Plaintiff to submit authority concerning when the statute of limitations began to run pertaining to the entry on the minutes of a decision of a municipality and some legal authority was submitted by the Plaintiff.
IV.
Thereafter, the Court found Section 21-15-33 Mississippi Code Annotated of 1972 and based its decision thereon.[4]
V.
Plaintiff would show that the Defendant’s [sic] failed to provide any legal authority for its position and only a modest amount of research was done regarding this issue. In fact, neither the Plaintiff nor the Defendant has provided any law directly on point.
VI.
The Plaintiff would show that the Order granting the Defendant’s Motion to Dismiss completely eliminates its claim and it should be allowed more time in which to research this issue. Plaintiff would further show it has not been given adequate opportunity to refute any legal theory presented by the Court or the Defendant.
¶ 11. As noted, notwithstanding the fact that Finicky Pet’s motion to set aside the judgment was filed untimely, the circuit court ruled on the motion and denied it on February 8, 2008. In denying Finicky Pet’s motion and dismissing the case, the circuit court stated:
Based upon the ... history in this matter and the fact that no true action has taken place in this case since the Motion to Set Aside Judgment was filed in 2005, the Court hereby denies the Motion to Set Aside, thereby rendering any other pending matter in this case moot.
It is not legitimately debatable that the circuit court lacked jurisdiction to rule on Finicky Pet’s motion pursuant to Rule 59. Likewise, it is not tenable to assert that simply titling the motion as a Rule 60 motion makes it so. Therefore, as stated, we find that Finicky Pet lost its right to pursue an appeal of the merits of the court’s July 1, 2005, dismissal of its amended complaint when it failed to file either a timely Rule 59 motion or a notice of appeal within thirty days of the entry of the order of dismissal. Nevertheless, we affirm the circuit court’s February 8, 2008, order finally dismissing Finicky Pet’s amended complaint, even though we have found that the court lacked jurisdiction to rule on Finicky Pet’s motion to set aside the July 1 order of dismissal. We reach this conclusion because the circuit court also based its dismissal in part on the authority granted it under Rule 41 of the Mississippi Rules of Civil Procedure.
¶ 12. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. This order was filed on July 1, 2005.

. Rule 59(b) requires that a motion to alter or amend a judgment must be filed within ten days of the entry of the judgment. Since the judgment was entered on July 1, 2005, Finicky Pet was required to file its motion to alter or amend the judgment on or before July 11, 2005.

.Rule 4(a) of the Mississippi Rules of Appellate Procedure requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from.”

. Mississippi Code Annotated section 21-15-33 (Rev.2007) deals with the approval and legal effect of municipal minutes.