ROBERTS, J.,
for the Court:
¶ 1. The Mississippi Workers’ Compensation Commission (Commission) reversed the administrative judge’s (AJ) order that found Bruce Rankin suffered a compensa-ble work-related injury entitling him to receive workers’ compensation benefits from Averitt Express, his employer at the time of injury. Rankin appeals and requests this Court to determine whether the Commission erred in its decision. Finding no error, we affirm the Commission’s order.
FACTS AND PROCEDURAL HISTORY
¶ 2. Rankin was employed by Averitt Express as a supply-chain solutions driver. This job required Rankin to pick up a load of freight and deliver it to Dollar General stores in Mississippi and Louisiana. The freight was loaded onto the trucks using carts called rolltainers, and upon arriving at a store, Rankin would have to unload these rolltainers from the truck using a motorized lift. Depending on the amount of freight, each rolltainer could weigh between 200 and 1,000 pounds.
¶ 3. Rankin claimed that on October 1, 2009, he was making a delivery to a Dollar General store when a 1,000-pound rolltainer rolled across the inside of the truck and pinned him against the truck wall. As a result, he claimed he had to push the heavy rolltainer off of his chest so he could get free. Rankin stated he experienced immediate pain in his right arm, shoulder, and chest. According to Rankin, he attempted to call his supervisor, Bonnie Henderson, to report his injury, but he could not get through to her on the phone, and her voicemail was full. However, Rankin later admitted he spoke to Henderson shortly after the alleged injury to report a broken fan belt, but he did not inform Henderson of the alleged injury. Rankin’s truck was repaired, and he continued making his deliveries for the day. At his last delivery, he began experiencing chest pain and required help unloading the freight. Fearing a possible cardiac event, Rankin was taken to the emergency room via ambulance. No cardiac event was found, so he was discharged from the emergency room. The ambulance and emergency-room records do not mention that Rankin suffered a work-related injury or that a 1,000-pound rolltainer struck him in the chest earlier that day. Rankin and Henderson spoke the following day after Henderson learned Rankin had a possible *876 cardiac event. It was at that time Rankin informed her that he had a work-related injury, but he did not elaborate on how the injury occurred.
¶ 4. Rankin was then treated by his personal physician, Dr. Frank Wade. Dr. Wade’s records do not contain any reference to a work-related injury on October 1, 2009, or how Rankin injured himself. Per Dr. Wade’s instructions, Rankin did not return to work until December 1, 2009. On the following day, Rankin claimed he re-injured himself when he attempted to stop a 1,000-rolltainer from rolling off the end of the truck onto another employee. Rankin did not report this injury until he completed another delivery of freight.
¶5. For his December 2, 2009 injury, Rankin returned to Dr. Wade for treatment. He was then directed to Dr. Howard Katz for treatment. Dr. Katz placed Rankin at maximum medical improvement (MMI) on February 17, 2010. Dr. Katz’s records also do not contain documentation of the alleged work-related injuries. It is undisputed that Averitt paid all of Rankin’s medical bills and temporary total disability benefits (TTD) from October 2009 until April 2010.
¶ 6. After being placed at MMI, Rankin filed his petition to controvert on April 21, 2010.[1] Shortly thereafter, Averitt filed its notice of controversion, claiming that Rankin did not suffer a compensable, work-related injury. A hearing before the AJ began on January 31, 2011, and was finished on May 2, 2011. Finding that Rankin suffered compensable, work-related injuries on October 1, 2009, and December 2, 2009, the AJ determined that Rankin was entitled to TTD benefits from October 1, 2009, through February 17, 2010, and permanent partial disability benefits from February 17, 2010, and continuing for 450 weeks.
¶ 7. Averitt filed its petition for review of the AJ’s order. It argued that the AJ erred in finding causation was supported by a reasonable medical probability, and this finding was error as a matter of law due to inconsistencies surrounding Rankin’s testimony and medical records. Rankin filed a cross-petition for review and clarification of the AJ’s order that found his fifty-percent loss of wage earning capacity was reduced by twenty-five percent due to pre-existing injuries.
¶ 8. The parties filed their respective briefs with the Commission, and on January 30, 2012, a hearing was held before the Commission. Immediately prior to the hearing, Rankin filed a motion for sanctions and to strike Averitt’s brief because it contained references to Rankin’s deposition testimony and a surveillance video that was not presented to the AJ. Further, Rankin claimed that Averitt did not properly file a motion for the late introduction of evidence. Averitt filed its response to Rankin’s motion on February 10, 2012, detailing where the testimony and evidence was discussed at the hearing before the AJ.
¶ 9. The Commission entered its order on March 16, 2012, denying and dismissing Rankin’s claim for benefits and reversing the AJ’s September 8, 2011 order. In its order, the Commission stated: “Based on the evidence as a whole and the applicable • law, the Commission finds that [Rankin’s] uncorroborated testimony regarding the alleged work-related injury is inconsistent with the evidence as a whole[,] and we find *877 that [Rankin] has not met his burden of proof in establishing a compensable injury.” Rankin’s motion for sanctions and to strike Averitt’s brief was also denied because the Commission found that Averitt was able to provide cites to the AJ’s hearing transcript to support the evidentiary statements in its brief.
¶ 10. Rankin filed his notice of appeal on April 11, 2012, and raises the following issues for the Court to consider:
I. Whether the [Commission] erred when it denied Rankin’s motion to strike [Averitt’s] brief and for sanctions.
II. Whether the [Commission] erred in holding that [Rankin failed] to meet his burden of proof to establish that his injury [was] causally connected to the work injury suffered to his chest, back, right upper extremity and body as a whole.
STANDARD OF REVIEW
¶ 11. The Commission sits as the ultimate finder of fact, and this Court will only reverse the Commission’s findings of fact if they are unsupported by substantial evidence. N. Miss. Med. Ctr. v. Stevenson, 12 So.3d 1149, 1151 (¶ 7) (Miss.Ct.App.2009). If the issue is one of law, then this Court will apply a de novo review. Shelby v. Peavey Elec. Corp., 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998).
ANALYSIS
I. Motion to Strike
¶ 12. Rankin argues that pursuant to Mississippi Workers’ Compensation Commission Procedural Rule 9, the Commission erred in denying his motion to strike Averitt’s brief. According to Rankin, Av-eritt “introduced new evidence to the Commission without adhering to Rule 9 in the least.” The evidence in dispute involves Averitt’s reference in its brief to a surveillance video that was not shown at the hearing before the AJ. Additionally, Rankin submits that Averitt relied on Rankin’s deposition testimony in its brief to the Commission, and Rankin’s deposition was not introduced at the hearing before the AJ.
¶ 13. Rule 9 states, in pertinent part:
All testimony and documentary evidence shall be presented at the evidentiary hearing before the Administrative Judge which hearing shall be stenographically reported or recorded. Where additional evidence is offered on the review before the Commission, it shall be admitted in the discretion of the Commission. A motion for the introduction of additional evidence must be made in writing at least five (5) days prior to the date of the hearing of the review by the Commission. Such shall state with particularity the nature of such evidence, the necessity therefor, and the reason it was not introduced at the evidentiary hearing.
Additionally, Mississippi Code Annotated section 71-3-47 (Rev.2011) provides that “the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the [C]om-mission.... ” This Court rarely reverses the Commission for the implementation and enforcement of its own procedural rules. Binswanger Mirror v. Wright, 947 So.2d 346, 351 (¶ 17) (Miss.Ct.App.2006) (citation omitted). However, “[d]ue process dictates that the Commission is to follow its own procedural due process principles in conducting its duties of administering workers’ compensation claims.” Robinson Prop. Group v. Newton, 975 So.2d 256, 260 (¶ 8) (Miss.Ct.App.2007) (citing Bermond v. Casino Magic, 874 So.2d 480, 485 (¶ 11) (Miss.Ct.App.2004)).
*878 ¶ 14. We first note that Rankin submits Averitt improperly referenced evidence in its brief to the Commission; however, Averitt’s brief to the Commission is not contained in this record for our review. As such, it is difficult for this Court to determine what statements within the brief are the subject of Rankin’s concern. What we do have in the record is Rankin’s motion to strike Averitt’s brief and Aver-itt’s response to the motion. Averitt’s response to the motion to strike asserted that “[t]he facts referenced by [Rankinj’s deposition and described within [Averitt’s bjrief are completely and wholly supported by the record in this cause.” Averitt then provided a detailed description of the facts this Court assumes was contained in the brief to the Commission, and it provided an almost line-by-line citation to the hearing transcript to support the factual references. The Commission found that “[i]t [was] clear from the record that [Averitt] relied on testimony and exhibits presented at the hearing!,]” and Averitt did not willfully violate Rule 9. This Court’s comparison of the citations to the hearing transcript does appear to corroborate Averitt’s contentions that its facts were supported by the hearing transcript. We cannot find that the Commission erred in denying Rankin’s motion to strike Averitt’s brief. Rankin has not presented any contradictory proof that Averitt’s factual contentions and citations to the hearing transcript were not contained in the record.
¶ 15. This issue is without merit.
II. Rankin’s Alleged Work-Related Injury
¶ 16. Rankin next contends that the Commission erred in reversing the AJ’s decision, which awarded him benefits, because it was unsupported by and contrary to the evidence presented. In reference to the first alleged injury, the Commission’s order stated that while Rankin testified he had to push the rolltainer off of himself, “[fjhere were no witnesses to this event, and [Rankin’s] medical records fail to mention this specific, detailed account of the alleged injury.” Additionally, Rankin spoke to Henderson multiple times that day, but he testified he initially could not get her on the phone or leave her a voice-mail about the injury. He also later testified that he could not recall whether he told Henderson of the alleged accident and injury. Henderson testified that she had no documentation of the specifics of Rankin’s injury in her files. As for the second injury, Rankin testified that he re-injured himself when the lift gate on his truck malfunctioned; however, Henderson testified that Rankin never informed her that his lift gate was working improperly. The Commission’s order summarized the medical testimony presented. It found that “[n]either the ambulance records nor the emergency room records mention that [Rankin] had suffered a work-related injury[,] or that he had been struck in the chest by a l,000[-]pound [rolltainer].” According to the order, Dr. Wade did not indicate in his notes that any specific incident had occurred to cause the pain, such as trauma to the chest. In fact, he testified that he did not discuss with Rankin any of the circumstances surrounding the injury, but that he would have documented such information if he had been aware of it. Additionally, Dr. Wade stated that a variety of things could have caused Rankin’s pain, and he specifically declined to give an opinion as to what the cause of Rankin’s musculoskeletal pain was. Rankin was also treated by Magee Physical Therapy. Its initial evaluation noted that Rankin was injured at work, but that Rankin did not recall a specific incident that caused his pain or injury. Lastly, Rankin saw Dr. Katz after his second injury. It is in Dr. Katz’s report that the details of Rankin’s *879 first injury are documented; however, Dr. Katz also declined to provide an opinion on causation.
¶ 17. Based on this evidence, the Commission rejected Rankin’s testimony as it was uncorroborated and because Rankin had made inconsistent statements about the claim. Another primary reason for reversing the AJ’s award of benefits was that Rankin failed to establish causation by a medical expert since neither Dr. Wade nor Dr. Katz would give an opinion as to causation. The burden of proof falls on the employee to prove a causal connection between employment and a disability or injury. Hedge v. Leggett & Platt Inc., 641 So.2d 9, 12-13 (Miss.1994). Unless the case is simple and routine, medical causation must prove the disability and the causal connection to employment by use of expert testimony. Shipp v. Thomas & Betts, 18 So.3d 332, 337 (¶ 21) (Miss.Ct.App.2009). “The causal connection between the claimant’s injury and disability must be proven with competent medical proof and based upon a reasonable degree of medical probability.” Anthony v. Town of Marion, 90 So.3d 682, 690 (¶ 28) (Miss.Ct.App.2012) (quoting Airtran v. Byrd, 953 So.2d 296, 299 (¶ 3) (Miss.Ct.App.2007).
¶ 18. Our standard of review requires this Court to determine if the Commission’s decision to deny Rankin benefits was supported by substantial evidence. “[S]ubstantial evidence means something more than a ‘mere scintilla’ of evidence,” but less than a preponderance of the evidence. Short v. Wilson Meat House, LLC, 36 So.3d 1247, 1251 (¶ 19) (Miss.2010) (citation omitted). While recognizing that “doubtful cases should be resolved in favor of compensation”, we do not find that this case falls into that category. Holman v. Standard Oil Co. of Ky., 242 Miss. 657, 667, 136 So.2d 591, 594 (Miss.1962) (citing Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 832, 74 So.2d 863, 865 (Miss.1954)). The Commission’s decision was supported by substantial evidence in the record. Rankin provided no medical opinion on causation beyond Dr. Wade’s and Dr. Katz’s assumptions that his injuries were work related due to the fact that Rankin’s treatments were being paid for by workers’ compensation insurance. When asked, both doctors declined to give an opinion as to causation, much less an opinion to a reasonable degree of medical probability that the injuries were work related. Therefore, this issue is without merit.
¶ 19. Lastly, Rankin submits that this Court should reverse and remand the case to the Commission for a determination of his temporary and permanent disability. Since we find that the Commission did not err in denying Rankin’s claim and benefits, this issue is moot.
¶ 20. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. The present appeal involves the consolidation of two cases that were tried together before the Commission. Rankin had filed two separate petitions to controvert. One involved Rankin’s alleged October 1, 2009 injury; the other involved Rankin’s alleged December 2, 2009 injury.