CARLTON, J.,
dissenting:
¶ 26. I respectfully dissent from the majority’s opinion. The burden of proof falls on an employee to prove a causal connection between an injury and a claimed disability. See Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12-13 (Miss.1994).[1] In this case I would affirm the Commission’s finding that Whittle failed to meet his burden of proof, which required that he show that his back injury was work related and, thus, compensable. Findings of fact by the full Commission “are binding on this Court so long as they are supported by substantial evidence.” Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (citations omitted). “Substantial evidence means something more than a mere scintilla of evidence, but less than a preponderance of the evidence.” Rankin v. Averitt Express, Inc., 115 So.3d 874, 879 (¶ 18) (Miss.Ct.App.2013) (citation omitted). As an appellate court, on review we “presume that the Commission made proper determinations as to which evidence was credible, had weight, and which was not.” Attala Cnty. Nursing Ctr. v. Moore, 760 So.2d 784, 787 (¶ 8) (Miss.Ct.App.2000) (citing Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990)). When examining conflicting opinions by medical experts in a workers’ compensation case, this Court will not determine where the preponderance of the evidence lies since we are to presume that the Commission previously determined the credibility and weight of the evidence. See Ameristar Casino-Vicksburg v. Rawls, 2 So.3d 675, 679 (¶ 16) (Miss.Ct.App.2008) (citation omitted).
¶ 27. The Commission’s decision in the present case was supported by substantial evidence in the record. Specifically, the Commission’s decision was supported by the medical testimony of both Dr. Collipp and Dr. White and by Whittle’s five-month delay in raising a complaint as to his back. After Whittle’s motor-vehicle accident in April 2009, he sought medical treatment. However, he was released from treatment on May 14, 2009, without any work restrictions. Months later, on October 15, 2009, he went to the emergency room with complaints of severe back pain. Based on these facts and our limited standard of review in workers’ compensation cases, I would affirm the Commission’s decision because the decision was ■ not arbitrary or capricious and was supported by substantial evidence in the record. See Walker Mfg. Co. v. Butler, 740 So.2d 315, 320 (¶ 19) (Miss.Ct.App.1998). Accordingly, I dissent from the majority’s opinion.

. "The causal connection between the claimant’s injury and disability must be proven with competent medical proof and based upon a reasonable degree of medical probability." Anthony v. Town of Marion, 90 So.3d 682, 690 (¶ 28) (Miss.Ct.App.2012) (citation omitted).