RUSSELL, J.,
for the Court:
¶ 1. Wayne Farms LLC (“Wayne Farms”) and Pacific Employers Insurance Company (“Pacific Employers”) appeals the order of the Mississippi Workers’ Compensation Commission (“Commission”) affirming the award of permanent and total disability benefits to Clairol Weems. Finding the decision of the Commission *1180 was supported by substantial evidence, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Weems was employed by Wayne Farms from 1992 until October 8, 2006, where she held various positions during her time of employment. On or about May 1, 2006, while working in the company’s evisceration department, Weems injured her back while bending over to lift an ice-filled pan. Weems informed her supervisor, Ann Barnes, about her injury, stating that she had “pulled a muscle” in her back. Weems went to the nurse’s station to inform safety manager Bo Gieger of her injury, but he was out of the office. Weems notified the area supervisor, Ricky Pitts, of her injury the following day.
¶ 3. On May 11, 2006, Weems sought treatment for her injury at the MEA Medical Clinic in Laurel, Mississippi. She was examined by Dr. Brian Williams, who diagnosed her with lumbar strain and referred her to a neurosurgeon, Dr. Molleston. On August 24, 2006, Weems was examined by Dr. Molleston. Dr. Molleston informed Weems that she had suffered from a large central herniated disk and central disk protrusion in her back, and warned her of possible permanent damage if her condition was not surgically corrected. Weems returned to work, and continued to seek treatment for her injuries at the MEA Medical Clinic until October 2006. Weems met with Dr. Molleston for a follow-up on October 8, 2006. Dr. Molleston instructed Weems to stop working due to her condition. During this "visit, Weems agreed to undergo surgery for her injury.
¶ 4. On November 2, 2006, Weems underwent lumbar fusion surgery. On January 10, 2007, Weems returned for a followup visit with Dr. Molleston, and complained of severe back pain. After an examination, Dr. Molleston advised Weems that she was suffering from a spinal-fluid leak and that a second surgery was necessary. Weems underwent a second surgery to repair the spinal-fluid leak on April 12, 2007. According to Dr. Molleston, Weems’s recovery status was poor; and, her physical impairment was far too extensive for her to pursue any substantial gainful activities. Weems was informed that her injury rendered her totally disabled and that she could no longer return to work.
¶ 5. Weems filed a petition to controvert on August 22, 2007. After a series of scheduling conflicts, a hearing before the administrative judge was held on September 19, 2011. The administrative law judge found that Weems’s injury arose out of and in the course of her employment at Wayne Farms, and ordered Wayne Farms and Pacific Employers to pay Weems permanent and total disability benefits. An order to that effect was entered on September 29, 2011. A hearing before the Commission was held on March 12, 2012. The Commission affirmed the order of the administrative law judge, and entered an order to that effect on April 26, 2012. From this order, Wayne Farms and Pacific Employers now appeal.
DISCUSSION
¶ 6. “The standard of review in workers’ compensation [cases] is well established.” Miss. Sec. Police v. Patterson, 64 So.3d 526, 528 (¶ 11) (Miss.Ct.App.2011). “The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Id. (citing Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶ 6) (Miss.2003)). With regard to workers’ compensation claims, “[t]he *1181 claimant has the initial burden of proof to show by a preponderance of the evidence that he suffered an accidental injury arising out of and in the course of employment.” Frito-Lay, Inc. v. Leatherwood, 908 So.2d 175, 179 (¶ 19) (Miss.Ct.App.2005) (citing Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994)). The burden of proof shifts to the employer once the claimant establishes a prima facie case. Id.
¶ 7. The appellants contend that the decision of the Commission was not supported by substantial evidence and was reached in error. We disagree. During the hearing before the administrative judge, Weems stated that she had never suffered from severe back pain prior to her injury. Weems also testified that her back pain has worsened since the date of her injury to her back at work. A medical examination by Dr. Molleston revealed that Weems suffered from lumbar strain, and that the strain was the result of heavy lifting. Dr. Molleston opined that the pulled muscle in Weems’s back was the result of bending over to pick up an ice-filled pan while performing her job duties at Wayne Farms. The extent of Weems’s back injury was so severe that it was medically necessary for her to undergo two surgeries. Even after the surgeries, Dr. Molleston informed Weems that she was still unable to pursue any substantial gainful activities, and that she would never be able to return to work.
¶8. The appellants argue that Weem’s disability was the product of a preexisting degenerative condition and not a work-related injury. This contention is largely based on the fact that Weems suffered from arthritis and was previously diagnosed with multiple myeloma. According to the appellants, Weems has not proven that her disability was caused by heavy lifting at work or whether it was just an exacerbation of her pre-existing health conditions. The Mississippi Supreme Court has held that in workers’ compensation claims, “[a] claimant does not have to prove with absolute medical certainty that his work-related injuries were the cause of his disability.” Leather-wood, 908 So.2d at 180 (¶ 24). “[A]ll that is necessary is that the medical findings support a causal connection.” Id. (citing Sperry-Vickers, Inc. v. Honea, 894 So.2d 1380, 1385 (Miss.1981)). A causal connection may be established so long as there is medical testimony that supports a finding of disability. Id. (citing Hall of Miss., Inc. v. Green, 467 So.2d 935, 938 (Miss.1985)).
¶ 9. As shown above, the record contains ample medical evidence that supports a causal connection between Weems’s physical impairment and her performing her job duties at Wayne Farms. Weems’s medical records show that her injury consisted of a large central disk herniation and disk protrusion, which occurred when she pulled a muscle in her back while bending over. Weems stated that she was bending over in attempt to lift a pan while at work. Thus, Weems has satisfied her burden of showing by a preponderance of the evidence that her injury arose out of and in the course of her employment. For these reasons, we find the appellants’ argument to be without merit.
CONCLUSION
¶ 10. Based on the testimony and medical evidence in the record, we cannot say that the decision of the Commission was not based on substantial evidence. The record shows that the decision was not arbitrary or capricious, nor was it based on an erroneous application of the law. Therefore, we affirm the decision of the Commission.
¶11. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPEN *1182 SATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.