CARLTON, J., for the Court:
¶ 1. The Harrison County Board of Supervisors (HCBS) appeals the judgment of the Mississippi Workers’ Compensation Commission (Commission) affirming an *274 award of workers’ compensation benefits to Richard L. Black. The HCBS argues: (1) Black’s inability to find employment was simply the result of job unavailability at his previous employment and other employment not because of his injury, but rather, because of the poor economy; and (2) when offered employment, Black had a duty to accept that employment given that the work duties were within his treating physician’s physical restrictions. The record reflects that Black met his burden to prove he sustained a work-related injury and that the employer failed to rebut the reasonableness of Black’s efforts to find other employment. Finding substantial evidence to support the Commission’s decision, we affirm.
FACTS
¶2. On October 30, 2007, Black sustained a work-related accident in which he injured his lower back while packing asphalt for the HCBS. Black underwent two lower-back surgeries by Dr. Robert Weier-man. The first surgery occurred in December 2007, and the second, a lumbar fusion, was performed in January 2009. Black also received epidural steroid injections and other treatments. Dr. Weier-man placed Black at maximum medical improvement on February 22, 2010, with permanent physical restrictions that included limited bending, stooping, and climbing.
¶ 3. Black filed a petition to controvert on May 27, 2008. Black states on appeal that the HCBS admitted compensability and paid medical expenses and temporary disability benefits up to the date of maximum medical improvement.
¶ 4. On December 14, 2010, a hearing commenced before an administrative judge (AJ) at the Gulfport City Hall in Gulfport, Mississippi, to determine the existence and the extent of permanent disability attributable to Black’s work-related injury. Then, on February 22, 2011, the HCBS filed a request to supplement the record. A hearing on the request occurred on March 23, 2011.
¶ 5. On May 19, 2011, the AJ entered an order finding that Black sustained a seventy-five percent loss of wage-earning capacity due to his work-related injury. Aggrieved by the AJ’s findings, the HCBS appealed the AJ’s ruling to the Commission. On November 23, 2011, the Commission entered an order affirming the AJ’s decision without opinion.
¶ 6. The HCBS now appeals to this Court.
STANDARD OF REVIEW
¶ 7. This Court’s scope of review when considering workers’ compensation cases is limited to a determination of whether the Commission’s decision is supported by substantial evidence. Whirlpool Corp. v. Wilson, 952 So.2d 267, 271 (¶ 15) (Miss.Ct.App.2006). “The Commission sits as the ultimate finder of fact; its findings are subject to normal [ ] deferential standards upon review.” Id. “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id.
DISCUSSION
¶ 8. The HCBS argues that Black failed to establish “disability,” meaning the incapacity to earn wages “because of injury.” The HCBS claims that Black provided nothing to support a loss of wage-earning capacity, and that Black’s inability to find employment was because of the economy. The HCBS alleges that Black possessed, and currently possesses, the ability to work, as his treating physician opined. *275 The HCBS claims that Black’s failure to gain employment was due to his own voluntary choice, as he either failed to follow up with employment leads or flatly refused employment offered to him, which was the case with his previous employer, Harrison County, Mississippi.
¶ 9. Mississippi Code Annotated section 71 — 3—3(i) (Rev.2011) defines “disability” as “incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings.” (Emphasis added). See Whirlpool, 952 So.2d at 272 (¶ 19). “When the claimant, having reached maximum medical recovery, reports back to the employer for work, and the employer refuses to reinstate or rehire him, then the claimant has established a prima facie showing of total disability.” Id. As acknowledged by the AJ, “[ojnce a prima facie case for total disability has been established, the employer bears the burden of proving that the claimant has suffered only a partial disability or no loss of wage-earning capacity.” Id. To satisfy this burden, the employer may present evidence showing that “the claimant’s efforts to obtain other employment was a mere sham, or less than reasonable, or without proper diligence.” Id. (citation omitted).
¶ 10. With respect to evaluating the HCBS’s argument alleging that Black’s job search was deficient, we turn to the record, including the factual findings of the AJ on this issue, upon which the Commission relied. In awarding workers’ compensation benefits to Black, the AJ specifically found, in part, as follows
I base the following findings on a preponderance of the evidence, including medical proof as required by the Mississippi Workers’ Compensation Law:
1. The parties stipulated that [cjlaim-ant had a work accident on October 30, 2007[,] and injured his lower back.
2. The parties stipulated that [cjlaim-ant’s average weekly wage on the date of the work accident was $499.16.
3. The parties stipulated that [cjlaim-ant reached maximum medical improvement on February 22, 2010.
4. The parties stipulated that there was no issue remaining to be decided regarding temporary disability benefits.
5. The sole issue for determination was the existence and extent of permanent disability attributable to [cjlaimant’s work-related back injury. In non-scheduled, body-as-a-whole cases, the compensation rate for an injured employee is 66 2/3% “of the difference between his average weekly wages, subject to the maximum limit[ations] as to weekly benefits as set up in this chapter, and his wage-earning capacity thereafter in the same employment or otherwise.” Miss.Code Ann. § 71-3-17(c)(25) [ (Supp.2012) ]. In order to establish a prima facie case of disability, a claimant must show by a fair preponderance of the evidence that (1) an accidental injury occurred (2) which arose out of and in the course of employment and (3) that the injury and claimed disability are causally connected. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 13 (Miss.1994) ([citjing Hardin’s Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss.1990)). Once the claimant establishes a prima facie case of disability, the burden of proof shifts to the employer to rebut or refute the claimant’s evidence. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978).
Claimant has met his burden of proof with regard to the above-referenced elements. He sustained a work-related injury to his back while working for the *276 [e]mployer. The lay and medial testimony proved that the injury has caused a disability. Claimant’s treating specialist, Dr. Weierman, assigned a 15% whole-body, permanent medical impairment, rating and told [claimant to limit his bending, lifting, stooping, and climbing. In December 2010, Dr. Weierman clarified that [claimant could not lift more than 10 to 15 pounds.
An injured worker has to make a reasonable effort to find other employment when proving a loss of wage-earning capacity. See Lang v. [Miss.] Baptist [Med.] [Ctr.], 53 So.3d 814[,819 (¶ 18) ] (Miss.Ct.App.2010). Claimant has searched for work at least 124 times since March 2010, shortly after he reached maximum medical improvement. Claimant returned to the [ejmployer seeking work[,] but he was rebuffed. He looked for work at various places and even returned to a previous employer. Claimant’s testimony about searching for work was credible. I find that he has conducted a reasonable job search.
In Georgia Pacific Corporation v. Taplin, 586 So.2d 823, 828 (Miss.1991), the [Mississippi] Supreme Court found that once a claimant has proven a reasonable job search, the burden is on the [e]mployer-[c]arrier to show that [claimant’s efforts were a “mere sham or unreasonable.” The [e]mployer-[c]arrier hired a vocational expert, who opined that [claimant could work in a light to medium capacity. However, the expert only presented six possible openings. Claimant credibly testified that he tried to apply and/or did apply for those positions.
Out of all of his searches, [claimant was not offered employment. Moreover, [claimant returned to the [e]mployer seeking work. The [e]mployer did not have a position for [claimant until ten months later and on the day before the merit hearing, when they offered [claimant a temporary position with no benefits. This last minute offer is insufficient to rebut [claimant's proof that he has sustained a loss of wage-earning capacity. See Stewart v. Singing River [Hosp.] [Sys.], 928 So.2d 176, 182 [ (¶ 26) ] (Miss.Ct.App.2005).
Based upon the evidence as a whole, including but not limited to the amount of education and training [claimant has, his inability to work, his failure to be hired elsewhere, the economics of the community, the nature of [cjlaimant’s disability, the continuance of pain, and all other related circumstances, I find that [claimant has sustained a 75% loss of wage-earning capacity due to his work-related back injury.
The AJ awarded Black permanent disability benefits of $249.70, based on the period beginning February 22, 2010, the date he reached maximum medical improvement, and continuing for 450 weeks, as compensation for Black’s work-related disability. The AJ further awarded Black all reasonable and necessary medical services and supplies as the nature of Black’s injury or the process of his recovery may require, in accordance with Mississippi Code Annotated section 71-3-15 (Supp.2012) and the medical fee schedule.
¶ 11. This Court recognizes the limited standard of review that appellate courts utilize when reviewing findings of the Commission. We acknowledge that this Court is not the trier of fact, and, absent any error of law, we only reverse where the Commission’s decision lacks the requisite evidentiary support of substantial evidence. See Whirlpool, 952 So.2d at 271 (¶ 15). After reviewing the record, we find substantial evidence to support the AJ’s finding, which the Commission subse *277 quently affirmed, that Black sustained a seventy-five percent loss of wage-earning capacity due to his work-related injury, and the record supports the award of permanent disability benefits as ordered by the Commission. Therefore, we affirm the Commission’s decision.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ISHEE, J„ NOT PARTICIPATING.