CARLTON, J.,
for the Court:
¶ 1. Hugh Austin suffered a back injury while employed by the Mississippi Department of Agriculture and Commerce (Department of Agriculture). Austin filed a claim for workers’ compensation benefits, which the administrative judge (AJ) granted. The Department of Agriculture and the Mississippi State Agencies Workers’ Compensation Trust, the insurance carrier, appealed to the Mississippi Workers’ Compensation Commission (Commission). The Commission affirmed the AJ’s order finding Austin’s claim compensable, and the Department of Agriculture now appeals the Commission’s judgment to this Court.
¶ 2. On appeal, the Department of Agriculture raises the following issues: (1) whether the Commission erred by finding that Austin established a causal connection between his work injury and his subsequent treatment and surgery; and (2) whether the Commission erred by denying the Department of Agriculture’s motion to correct the record and admit additional evidence. Upon review, we find that the record contains substantial evidence to support the Commission’s decision. We therefore affirm.
FACTS
¶ 3. In 2001, Austin slipped off a ladder and fell thirty feet. As a result of the fall, Austin injured his hand and leg and began to experience pain in his lower back. Following the incident, Austin saw Dr. Bruce Senter, who performed spinal fusion surgery on Austin in January 2003. After the fusion, Austin continued to receive treatment from Dr. Senter. In April 2003, Dr. Senter released Austin to “go back to pretty much doing what he wants to do, with the exception of any lifting over [thirty] pounds and no long-term repetitive bending and stooping.”
¶ 4. In October 2003, Austin became employed with the Department of Agriculture and began working at the Mississippi Agriculture and Forestry Museum (Agriculture Museum). In 2007, Austin sought treatment for his back pain from Dr. John Lancon. Dr. Lancon referred Austin to Dr. Gordon Lyons, who gave Austin an injection for his back pain. On September 5, 2009, while working at the Agriculture Museum, Austin picked up a box of tile weighing fifty pounds and experienced pain in his back and legs. Austin reported his injury to Joel Kohler, the Department of Agriculture’s payroll officer. On September 21, 2009, Austin again saw Dr. Lyons, who gave Austin injections and referred him to physical therapy. On November 17, 2009, Dr. Lyons reported that Austin had reached maximum medical im *996 provement (MMI) and released Austin to return to work without any restrictions.
¶ 5. Almost a year later, on November 22, 2010, Austin returned to Dr. Lyons after experiencing additional lower back pain. While Dr. Lyons’s notes indicated that Austin experienced chronic lumbar pain, the notes made no reference to Austin’s September 2009 work-related injury. Dr. Lyons’s notes also reflected that Austin had not experienced any new trauma and that Austin wanted the visit placed on his private insurance.
¶ 6. Dr. Lyons referred Austin to Dr. Senter. When Austin visited Dr. Senter in January 2011, Dr. Senter noted that Austin had experienced significant back pain since 2010. On the intake form for the visit, however, Austin failed to reference any work-related injuries and failed to mark the option on the form indicating that he had experienced an “injury at work.” On February 1, 2011, Austin was admitted to the hospital for surgery, and Dr. Senter repaired a non-union on Austin’s spine.
¶ 7. Following the surgery, Dr. Senter reported that Austin would not reach MMI until around February 2012. Dr. Senter estimated that Austin’s physical impairment rating would be a whole-body impairment of fifteen percent. Dr. Senter instructed Austin to only perform light-duty work that involved no overhead work, stooping, bending, or climbing stairs or ladders. Dr. Senter also gave Austin a twenty-pound lifting restriction. Dr. Sen-ter opined that, based on a reasonable medical probability, Austin’s September 2009 work-related injury aggravated Austin’s lumbar spine condition to the extent that Austin required surgery.
¶ 8. The Department of Agriculture paid for the treatment provided by Dr. Lyons, and Austin asked that the Department of Agriculture also pay for the treatment provided by Dr. Senter. Austin reported to Kohler that he was receiving treatment from Dr. Senter, but Kohler failed to authorize a workers’ compensation claim with Dr. Senter. After receiving no reply to his request for payment of Dr. Senter’s fees, Austin filed a claim with his private insurance company. Although Austin’s private insurance company paid Dr. Senter, Austin also had to pay several thousand dollars himself.
¶ 9. When Dr. Senter recommended that Austin undergo back surgery, Austin alerted the Department of Agriculture of the recommendation. However, the Department of Agriculture made no offer to pay for the surgery. Austin informed the Department of Agriculture of his work restrictions and continued to work until his surgery. He also sought other employment but was unable to find work that suited his limitations. On October 31, 2011, Austin tendered his letter of resignation to the Agriculture Museum.
¶ 10. After hearing all the parties’ evidence, the AJ concluded that Austin sustained a work-related injury on September 5, 2009. The AJ further found that Austin’s work-related injury caused the need for Austin’s surgery on February 1, 2011. Finding Austin’s surgery to be compensa-ble, the AJ ordered the Department of Agriculture and its insurance carrier “to provide medical services and supplies as required by the nature of [Austin’s] injury and the process of his recovery.”
¶ 11. The Department of Agriculture appealed the AJ’s decision to the Commission. Six months after the hearing before the AJ, the Department of Agriculture also filed a motion to correct the record and to admit additional evidence from Dr. Lyons. In an order entered January 17, 2014, the Commission affirmed the AJ’s order. The Commission found that “the overwhelming *997 weight of the factual and medical evidence ... supports a finding that [Austin] sustained a compensable work injury ... on September 5, 2009, and that his work injury ... accelerated the need for [his] lumbar surgical repair on February 1, 2011.” The Commission also denied the Department of Agriculture’s motion to correct the record and admit additional evidence. Aggrieved by the Commission’s ruling, the Department of Agriculture appeals to this Court.
STANDARD OF REVIEW
¶ 12. In a workers’ compensation appeal, this Court’s standard of review is limited to a determination of whether substantial evidence supports the Commission’s decision. Harrison Cnty. Bd. of Supervisors v. Black, 127 So.3d 272, 274 (¶ 7) (Miss.Ct.App.2013). “The Commission sits as the ultimate finder of fact; its findings are subject to normal deferential standards upon review.” Id. (citation omitted). “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citation omitted). “Though we defer to the Commission’s findings of fact, we review the Commission’s application of the law de novo.” Clark v. Spherion Corp., 11 So.3d 774, 777 (¶ 13) (Miss.Ct.App.2009) (citation and internal quotation marks omitted).
DISCUSSION
I. Whether the Commission erred by finding that Austin established a causal connection between his work injury and his subsequent treatment and surgery.
¶ 13. As the record reflects, no dispute exists as to the compensability of Austin’s September 5, 2009 work-related injury. Instead, the parties’ disagreement centers on whether the Commission properly determined that Austin’s work injury caused a need for the treatment provided by Dr. Lyons in November 2010 and the surgery performed by Dr. Senter in February 2011. The Department of Agriculture asserts that Austin failed to establish causation because the evidence showed that his work injury had been treated and had resolved prior to his November 2010 visit to Dr. Lyons.
¶ 14. Arguing that the Commission’s findings lack support in the record and misapplied the relevant caselaw, the Department of Agriculture asks this Court to reverse the Commission’s decision. The Commission’s order reflects, however, that Austin’s September 2009 work-related injury was causally related to, and necessitated the need for, the November 2010 treatment by Dr. Lyons and the February 2011 surgery by Dr. Senter. While Dr. Lyons’s patient history and notes contained no reference to Austin’s prior work injury, his diagnosis reflected that Austin experienced chronic lumbar pain and suffered no new trauma that could have caused the chronic lumbar pain. As our caselaw acknowledges, “[o]nce it is shown that a disability was produced by an injury and that the employee continues to be disabled, the presumption is that the disability continues to be causally related to the injury, and the burden of proof is upon the employer to show that the continuing disability is due to some other intervening cause or pre-existing condition for which he is not responsible.” Marshall Durhin Cos. v. Warren, 633 So.2d 1006, 1009 (Miss.1994) (citation omitted).[1]
*998 ¶ 15. In Rathbome, Hair & Ridgeway Box Co. v. Green, 287 Miss. 588, 594, 115 So.2d 674, 676 (1959), the Mississippi Supreme Court held:
The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have sub- ' sided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.
¶ 16. “Under workers’ compensation law, the claimant has the burden of proof in showing the causal connection between the claimant’s employment and the resulting disabling condition.” Clark, 11 So.Bd at 777 (¶ 15) (citation omitted). This Court has previously stated:
To establish a prima facie case of disability, the claimant bears the burden of showing by a fair preponderance of the evidence: (1) an accidental injury; (2) arising out of and in the course of employment; and (3) a causal connection between the injury and the claimed disability. An injury arises out of employment when some causal connection exists between the employment and the injury. Once a claimant establishes a prima facie case of disability, the burden of proof shifts to the employer. Additionally, unless common knowledge suffices, medical evidence must prove not only-the existence of a disability but also its causal connection to the employment. As with any fact-finder, the Commission is entitled to rely upon the evidence and reasonable inferences.
Anthony v. Town of Marion, 90 So.Bd 682, 688 (¶ 18) (Miss.Ct.App.2012) (internal citations and quotation marks omitted).[2]
¶ 17. As previously stated, although the Department of Agriculture argues that Austin failed to establish a causal connection, the Commission found support in the record for the AJ’s determination that Austin’s claim was compensable. We also acknowledge that the Department of Agriculture bore the burden of proof to show that Austin’s November 2010 treatment and February 2011 surgery resulted from some intervening cause or pre-existing condition for which the Department of Agriculture was not responsible. See Marshall Durbin Cos., 633 So.2d at 1009. As reflected in its order, the Commission found that Austin had almost six years of employment with the Department of Agriculture at the time of his 2009 injury. The Commission stated that, although Austin possessed a history of back pain, the medical proof showed limited complaints of back pain between 2005 and 2009. Additionally, the Commission found that Austin was able to perform the essential tasks of his employment until his injury in 2009.
*999 ¶ 18. The Commission further found that Austin met his burden of showing an accidental injury arising out of and in the course of employment. The Commission explained that Dr. Senter’s testimony indicated that the 2009 work injury aggravated Austin’s lumbar spine, causing the need for Austin’s surgery in 2011. The Commission therefore found that a causal connection existed between Austin’s work injury and the resulting treatment in November 2010 and the surgery in February 2011.
¶ 19. The Department of Agriculture failed to meet its burden to show that Austin’s continuing chronic back pain following his 2009 work injury resulted from some intervening cause or from a preexisting condition for which the Department of Agriculture bore no responsibility. See Marshall Durbin Cos., 638 So.2d at 1009. Accordingly, after reviewing the record and applicable caselaw, we find that this assignment of error lacks merit.
II. Whether the Commission erred by denying the Department of Agriculture’s motion to correct the record and admit additional evidence.
¶ 20. The Department of Agriculture next argues that the Commission erroneously denied its motion to correct the record and admit additional evidence. Approximately six months after the hearing before the AJ, the Department of Agriculture sought to include in the record a letter from Dr. Lyons about his exam of Austin on November 17, 2009. The Department of Agriculture asserts that, at the hearing before the AJ, the letter was admitted into evidence with Dr. Lyons’s medical-records affidavit but was then inadvertently omitted from the record on appeal to the Commission. The Department of Agriculture further contends that, because its motion actually constituted an attempt to correct the record rather than to admit new evidence, the Commission erred by denying its motion.
¶ 21. Our supreme court has previously stated:
We emphasize that the Commission is an administrative agency, not a court. It has broad discretionary authority to establish procedures for the administration of compensation claims. It has like authority to relax and import flexibility to those procedures where in its judgment such is necessary to implement and effect its charge under the Mississippi Workers’ Compensation Act. It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules.
Delta Drilling Co. v. Cannette, 489 So.2d 1378,1380-81 (Miss.1986).
¶ 22. Our caselaw further provides thát “the Commission enjoys great latitude in deciding whether to reopen a workers’ compensation ease for the admission of additional evidence.” Mié-Delta Home Health Inc. v. Robertson, 749 So.2d 379, 388 (¶ 33) (Miss.Ct.App.1999). “The decision to reopen a workers’ compensation case is purely discretionary with the Commission, and the Commission’s order will not be reversed absent a clear abuse of discretion.” Id. at 387 (¶ 29) (citation omitted).[3]
¶ 23. In its order denying the motion to correct the record and admit additional evidence, the Commission found that the Department of Agriculture failed to sufficiently explain its tardiness in producing *1000 Dr. Lyons’s letter until almost six months after the hearing before the AJ. The Commission also found that the “note from Dr. Lyons simply providefd] a snapshot from a single exam of [Austin] and [was] not contrary to the evidence as a whole in this claim.” The Commission cited Mississippi Code Annotated section 71-3-61 (Rev. 2011) as authority to promulgate and enforce its own procedural rules, and it recognized that Mississippi courts have “developed strict discovery rules in order to avoid trial by ambush and to insure each party ha[s] a reasonable time to prepare for trial.” Congleton v. Shellfish Culture, Inc., 807 So.2d 492, 496 (¶ 12) (Miss. Ct.App.2002) (citations omitted).
¶ 24. As a result of its findings, the Commission denied the Department of Agriculture’s motion and refused to admit Dr. Lyons’s letter into evidence. Upon review, we find that the record contains substantial evidence to support the Commission’s findings and that the decision was not arbitrary or capricious. See Harrison Cnty. Bd. of Supervisors, 127 So.3d at 274 (¶ 7). As a result, this assignment of error lacks merit.
¶ 25. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See also Miss.Code Ann. § 71-3-7 (Rev. 2011) (addressing cases where a pre-existing physical handicap, disease, or lesion material *998 ly contributes to the results following the claimant’s injury).

. Our caselaw also recognizes that "a claimant does not have to prove with absolute medical certainty that his work-related injuries were the cause of his disability.” Wayne Farms LLC v. Weems, 105 So.3d 1178, 1181 (¶ 8) (Miss.Ct.App.2012) (citation omitted). Instead, ”[a]ll that is necessary is that the medical findings support a causal connection.” Id. (citation omitted). "Unless the case is simple and routine, medical causation must prove the disability and the causal connection to employment by use of expert testimony.” Rankin v. Averitt Express, Inc., 115 So.3d 874, 879 (¶ 17) (Miss.Ct.App.2013) (citation omitted). “The causal connection between the claimant’s injury and disability must be proven with competent medical proof and based upon a reasonable degree of medical probability.” Anthony, 90 So.3d at 690 (¶ 28) (citation omitted).

. As the record reflects, the Commission’s order also cites the cases of Bermond v. Casino Magic, 874 So.2d 480 (Miss.Ct.App.2004), and Mid-Delta Home Health Inc., 749 So.2d 379. See also Twine v. City of Gulfport, 833 So.2d 596, 602 (¶ 20) (Miss.Ct.App.2002) (acknowledging that Mississippi Workers' Compensation Commission Procedural Rule 9 requires *1000 motions to admit additional evidence to be filed in writing at least five days prior to the date of the hearing of the review by the full Commission); ■ Miss.Code Ann. § 71-3-47 (Rev. 2011) (providing that an informal conference or hearing may be conducted in a contested case by a Commission representative, whose decision shall be final unless, within twenty days, a party files a request or petition for review by the full Commission).