# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-01160-COA

LINDA HAYES                                              APPELLANT

v.

HOWARD INDUSTRIES, INC.                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | FLOYD E. DOOLITTLE |
| ATTORNEYS FOR APPELLEE: | RICHARD LEWIS YODER JR. |
| | WILLIAM LAWRENCE THAMES |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 08/06/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     Linda Hayes sustained a neck injury while working at Howard Industries, Inc. and filed a compensation claim. The Administrative Judge held an evidentiary hearing on the matter, and the parties presented conflicting expert testimony. Thereafter, the Administrative Judge entered an order finding Hayes sustained a loss of wage-earning capacity and requiring Howard Industries to pay Hayes permanent partial disability benefits and future medical benefits. Howard Industries filed a petition for review. The Mississippi Workers' Compensation Commission (the "Commission") then entered an order declining to accept the Administrative Judge's determination and found that Hayes did not sustain a loss of wage-earning capacity. Hayes now appeals and asserts, among other things, that the

Commission's decision is not supported by substantial creditable evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Hayes sustained a neck injury on March 21, 2012, while working at Howard Industries using an overhead crane to pick up steel. At the time of her injury, Hayes made $11.83 per hour as an internal assembler and was at an 11-0 pay-grade level.

¶3. Following the injury, Hayes received medical treatment, which Howard Industries covered. Hayes initially sought medical treatment from an MEA Medical Clinic before being referred to Dr. Ross Ward at Laurel Bone and Joint Clinic. On May 10, 2012, Dr. Ward informed Hayes that she was not a surgical candidate and released Hayes to work full duty with no restrictions beginning May 11. Dr. Ward also referred Hayes to Dr. Vivek Barclay for pain management.

¶4. Hayes began seeing Dr. Barclay on May 23, 2012. Dr. Barclay gave Hayes work restrictions, including no overhead work, no lifting over ten pounds, and eight-hour work days. On May 24, 2012, Hayes returned to work at Howard Industries. Howard Industries accommodated Hayes's restrictions from Dr. Barclay.

¶5. On September 4, 2012, Hayes filed a petition to controvert. On September 28, 2012, Howard Industries filed its answer, admitting compensability.

¶6. On August 23, 2013, Dr. Barclay placed Hayes at maximum medical improvement (MMI) and stated that Hayes had permanent work restrictions of no heavy lifting, no overhead reaching, and eight-hour work days and forty-hour work weeks.[1] Dr. Barclay

---

[1] At this time, Hayes made $12.56 per hour at Howard Industries and was at an 11-3 pay-grade level.

2

assigned Hayes a 5% whole-person impairment rating.

¶7.    On September 16-17, 2013, Robbie Bishop performed a functional capacity evaluation (FCE) on Hayes at Southern Bone and Joint Rehab.  Bishop noted that Hayes had difficulty with overhead lifting as well as difficulty with heavy lifting and carrying.  Overall, Bishop noted that Hayes could perform light-level work, was able to lift and carry and push and pull at least twenty pounds occasionally, and was able to remain upright at a frequent level.

¶8.    On January 17, 2014, Dr. Jeffrey Summers performed an independent medical exam (IME) on Hayes at NewSouth NeuroSpine.  Dr. Summers reviewed Hayes's medical records from MEA, Dr. Ward, and Dr. Barclay.  Dr. Summers reported that he did not feel that Hayes was at MMI and recommended that she begin both a home exercise program and an active therapy program.  On December 23, 2014, Dr. Barclay again placed Hayes at MMI with the same restrictions.

¶9.    Given the conflicting medical opinions, Howard Industries requested Hayes undergo another IME.  The Administrative Judge granted Howard Industries's request and ordered Hayes to undergo an IME with Dr. Leon Grigoryev.  Dr. Grigoryev performed this exam on May 1, 2015.  Following the examination, Dr. Grigoryev reported that Hayes had reached MMI and assigned Hayes a 0% impairment rating.  He further reported that Hayes had no work restrictions and no work limitations and that Hayes did not need any further medical treatment for her March 21, 2012 injury.

¶10.    Hayes worked an accommodated job at Howard Industries from August 2013 to September 2015.  Following Dr. Grigoryev's IME, Hayes's supervisor requested Hayes

3

return to work full duty in September 2015 based on the IME findings. Hayes complied and worked full duty for four months—from September 2015 to December 2015—with no complaints. Nonetheless, when Hayes returned to work after Christmas in January 2016, Hayes told her supervisors that she would not work full duty and requested a job that complied with Dr. Barclay's restrictions. Howard Industries terminated Hayes on January 5, 2016, for refusal to perform her required work. At the time of her termination, Howard Industries paid Hayes $12.91 per hour, and Hayes was at an 11-3 pay-grade level.

¶11. After her termination, Hayes's union appealed her grievance to arbitration. The arbitrator, Connie M. Stokes, issued an order on August 3, 2016, stating that Hayes should not have refused to work the job offered by Howard Industries. However, due to the uncertainty of Hayes's physical condition on the date of her termination,[2] Stokes decreased Hayes's penalty to a six-month suspension. Pursuant to Stokes's arbitration order, Hayes returned to work on August 11, 2016. But upon returning, Hayes again refused to work full duty, so Howard Industries terminated Hayes for a second time on August 23, 2016. At the time of her second termination, Hayes made $12.91 per hour and was at an 11-3 pay-grade level.

¶12. Hayes's union appealed Hayes's grievance to arbitration again, alleging Howard Industries failed to accept statements from Hayes's doctor and documentation concerning Hayes's work restrictions. The second arbitrator, Steven A. Zimmerman, issued an order on August 28, 2017, finding that Howard Industries had properly terminated Hayes for violation

---

[2] Hayes testified that she was in pain when she refused to work full duty in January 2016.

of company rules and denying all relief requested by Hayes's union. Zimmerman specifically noted that Hayes testified that she was not in pain on the day she returned to Howard Industries in August 2016 and refused to work full duty.

¶13. Even though Dr. Grigoryev performed an IME on Hayes in May 2015, Hayes continued to see Dr. Barclay in 2016 and 2017. During this time frame, Dr. Barclay indicated that he had no changes or other recommendations to make after Dr. Grigoryev's IME. Dr. Barclay also maintained the same work restrictions for Hayes of no heavy lifting, no overhead reaching, an eight-hour work day, and a forty-hour work week.

¶14. On July 26, 2017, the Administrative Judge held a hearing to determine Hayes's medical rating, restrictions, and permanent disability. At the hearing, Angela Malone[3] testified as a vocational expert on behalf of Howard Industries and Kathy Smith[4] testified as a vocational expert on behalf of Hayes. Hayes also sought to admit the vocational report of Tom Stewart into evidence at the hearing.[5] Because Stewart passed away prior to the evidentiary hearing, Howard Industries objected to the admission of Stewart's vocational

---

[3] Angela Malone testified that she reviewed all of Hayes's medical records in preparation of her February 12, 2014 vocational report. In her report, Malone outlined three different scenarios based upon (1) Dr. Ward's release of Hayes to work full duty, (2) Dr. Barclay's assigned work restrictions for Hayes, and (3) Bishop's FCE of Hayes. Malone also drafted a supplemental vocational report, dated June 23, 2015, after Dr. Grigoryev's IME of Hayes.

[4] On April 24, 2017, Smith interviewed Hayes for a vocational evaluation. Smith then drafted a vocational evaluation and loss access report, on Hayes's behalf, dated June 12, 2017. Smith's report relied upon information from Dr. Barclay and did not mention Dr. Grigoryev's 2015 IME report or the May 2012 medical report from Dr. Ward.

[5] Stewart met with Hayes in May 2016 and reviewed medical records provided to him prior to drafting a vocational report for Hayes dated June 3, 2016.

report. The Administrative Judge overruled the objection and allowed Hayes to enter Stewart's vocational report into evidence.

¶15. Howard Industries sought to admit Stokes's arbitration order into evidence at the hearing. Hayes moved to strike and/or exclude Stokes's arbitration order, and the Administrative Judge granted Hayes's motion.

¶16. Following the hearing, on September 11, 2017, Howard Industries filed a motion to allow and admit additional evidence, specifically the second arbitration order issued by Zimmerman. The Administrative Judge denied Howard Industries' motion to allow and admit additional evidence on October 17, 2017. On October 25, 2017, the Administrative Judge entered an order finding Hayes sustained a loss of wage-earning capacity and requiring Howard Industries pay Hayes permanent partial disability benefits and future medical benefits. Howard Industries then filed a petition for review on November 13, 2017.

¶17. On July 18, 2018, the Commission entered an order rejecting the October 25, 2017 order of the Administrative Judge's determination and finding that Hayes did not sustain a loss of wage-earning capacity as a result of her alleged work-related injury.[6] The Commission also rejected the Administrative Judge's decision to admit Tom Stewart's vocational report into evidence and the Administrative Judge's October 16, 2017 decision denying Howard Industries's motion to allow and admit additional evidence. The

_____

[6] More specifically, the Commission found: (1) Hayes achieved MMI as of May 1, 2015; (2) Hayes has a 0% permanent partial impairment rating and no work restrictions and no work limitations; (3) Hayes was able to perform the regular duties of her employment without restrictions or accommodations from September 2015 to December 2015; and (4) Hayes did not work for Howard Industries after December 2015 because of her insubordination, not because of her injury.

Commission admitted into evidence both Stokes and Zimmerman's arbitration orders.

¶18. Hayes now appeals, asserting: (1) the Commission's findings and opinions are not supported by substantial evidence; (2) the Commission's findings and opinions are contrary to the law; (3) the Commission's findings and opinions are arbitrary and capricious; (4) the Commission erred when it did not consider all of the evidence of record; (5) the Commission erred when it excluded the written vocational report of Tom Stewart; (6) the Commission erred when it admitted the arbitration order of Connie M. Stokes dated August 3, 2016; (7) the Commission erred when it reversed the Administrative Judge's order denying Howard Industries's motion to allow and admit additional evidence and admitted the arbitration order of Steven A. Zimmerman dated August 28, 2017; (8) the Commission erred when it adopted arbitrator Zimmerman's findings that Howard Industries properly terminated Hayes and that the IME of Dr. Grigoryev is the controlling medical record; (9) the Commission erred in finding Hayes had no impairment, no restrictions, and no work limitations; (10) the Commission erred in finding Hayes's inability to find employment after diligent job search was not due to work related impairment, restrictions, and limitations; and (11) the Commission erred in denying Hayes reasonable and necessary future medical treatment for her work-related injuries.[7]

## STANDARD OF REVIEW

¶19. "It is well-settled law in this State that the Commission is the ultimate finder of fact

_____

[7] Hayes's first, third, fourth, ninth, tenth, and eleventh assignments of error each go to whether the Commission's decision is supported by substantial credible evidence. Because our analysis of Hayes's first assignment of error applies equally to the others, we will not address them separately.

7

in workers' compensation cases, and where substantial credible evidence supports the Commission's decision, then, absent an error of law, the decision must stand without judicial interference." *Logan v. Klaussner Furniture Corp.*, 238 So. 3d 1134, 1138 (¶11) (Miss. 2018) (citing *Smith v. Jackson Constr. Co.*, 607 So. 2d 1119, 1124 (Miss. 1992)). "The Commission's decision will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Logan*, 238 So. 3d at 1138 (¶11) (quoting *Lovett v. Delta Reg'l Med. Ctr.*, 157 So. 3d 88, 89 (¶7) (Miss. 2015)). We review issues of law de novo. *Weathersby v. Miss. Baptist Health Sys., Inc.*, 195 So. 3d 877, 882 (¶21) (Miss. Ct. App. 2016).

## DISCUSSION

**I.      Whether the Commission's decision is supported by substantial credible evidence.**

¶20.    Hayes first asserts that the Commission's decision is not supported by substantial evidence. Hayes's argument is two-fold. First, Hayes contends that it is obvious that the Commission did not consider all of the evidence, as mandated by law, because the Commission did not address certain expert opinions in its order. Second, Hayes contends that "[t]he only relevant and material evidence as to Ms. Hayes['s] physical restrictions and ability to perform work on the date of the hearing before the Administrative Judge is the opinion of Dr. Barclay."

¶21.    As stated by the Supreme Court, we are

>  bound by the decision of the Mississippi Workers' Compensation Commission if the Commission's findings of fact are supported by substantial evidence [. . .] Stated differently, this Court will reverse the Commission's order only

if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence. A finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.

*Barber Seafood Inc. v. Smith*, 911 So. 2d 454, 461 (¶27) (Miss. 2005) (quoting *Hardaway Co. v. Bradley*, 887 So. 2d 793, 795 (¶11) (Miss. 2004)).

¶22. "Where there is conflicting medical testimony, the Commission has the responsibility to apply its expertise and determine which evidence is more credible." *Weathersby*, 195 So. 3d at 882 (¶21) (quoting *Washington v. Woodland Vill. Nursing Home*, 25 So. 3d 341, 355 (¶33) (Miss. Ct. App. 2009)). "Thus, 'where medical expert testimony is concerned, the Supreme Court has held that whenever the expert evidence is conflicting, the Court will affirm the Commission whether the award is for or against the claimant.'" *Weathersby*, 195 So. 3d at 882 (¶21) (quoting *Raytheon Aerospace Support Servs. v. Miller*, 861 So. 2d 330, 336 (¶13) (Miss. 2003)). "The findings of the Commission should be reversed 'only in rather extraordinary cases.'" *Logan*, 238 So. 3d at 1138 (¶11) (quoting *Raytheon Aerospace Support Servs.*, 861 So. 2d at 335 (¶11)). Based on our review of the record, we do not find this case to be one that requires reversal.

¶23. To begin, Hayes's first contention, that the Commission did not consider all of the evidence because it did not address certain expert opinions, is contrary to the Commission's order. In its order, the Commission stated, "The Full Commission gives greater weight to the medical opinions of Dr. Ward and Dr. Grigoryev, as well as the vocational testimony of Angela Malone." The Commission further stated, "Based on the above *and the evidence as*

*a whole*, we find that [Hayes] has not sustained a loss of wage-earning capacity as a result of her work-related injury." (Emphasis added). Accordingly, Hayes's assertion that the Commission failed to consider all of the evidence lacks merit.

¶24. In support of her second contention, that the Commission committed reversible error by relying on opinions other than Dr. Barclay's, Hayes cites *Smith v. Commercial Trucking Co. Inc.*, 742 So. 2d 1082 (Miss. 1999). In *Smith*, the Supreme Court found that the Commission's underlying decision was not supported by substantial evidence. *Id.* at 1088 (¶15). There, only one expert performed a complete series of diagnostic tests to determine the claimant's injury. *Id.* at 1086 (¶10). Nonetheless, the Commission gave greater deference to other experts who "failed or refused to perform tests that would have conclusively proved or disproved [the claimant's injury] . . . ." *Id.* The Supreme Court found this was improper under *Johnson v. Ferguson*, 435 So. 2d 1911, 1195 (Miss. 1983), which provides "[w]hen an expert's opinion is based upon an inadequate or incomplete examination, that opinion does not carry as much weight and has little or no probative value when compared to the opinion of an expert that has made a thorough and adequate examination." *Id.* at 1085, 1087 (¶¶9, 13). Accordingly, the Supreme Court reversed and remanded the Commission's decision. *Id.* at 1088 (¶16).

¶25. *Smith* is inapplicable here. Unlike *Smith*, there is no evidence in this case that certain experts performed "inadequate or incomplete examination[s]." Rather, there is simply conflicting medical testimony. Dr. Ward and Dr. Grigoryev assigned Hayes a 0% impairment rating, and Dr. Barclay assigned Hayes a 5% impairment rating. Dr. Ward and

10

Dr. Grigoryev also assigned Hayes no work restrictions and limitations whereas Dr. Barclay assigned Hayes permanent work restrictions.

¶26. Where there is conflicting expert testimony, it is the Commission's responsibility "to apply its expertise and determine which evidence is more credible." *Weathersby*, 195 So. 3d at 882 (¶21) (quoting *Washington*, 25 So. 3d at 355 (¶33)). As noted by the Supreme Court in *Smith*, "[t]he test in [a multi-expert] case is not one of the weight of the sheer number of duly qualified experts, but rather the credibility of the expert(s) based on the weight of objective proof, evidence, or results used in rendering an opinion." *Smith*, 742 So. 2d at 1087 (¶13). After taking all of the evidence under consideration, the Commission gave greater weight to the medical opinions of Dr. Ward and Dr. Grigoryev, as well as the vocational testimony of Angela Malone. "[T]he Commission is the ultimate finder of fact in workers' compensation cases . . . ." *Logan*, 238 So. 3d at 1138 (¶11) (citing *Smith*, 607 So. 2d at 1124). Upon our own review of the record, we find the Commission's decision is supported by substantial credible evidence, so we affirm.

## II. Whether the Commission's decision is contrary to the law.

¶27. Hayes next contends that the Commission's decision is contrary to law. Under Mississippi law, "[a] rebuttable presumption of no loss of wage-earning capacity arises when the claimant's post-injury wages are equal to or exceed his preinjury wage." *Weathersby*, 195 So. 3d at 883 (¶25) (quoting *Gregg v. Natchez Trace Elec. Power Ass'n*, 64 So. 3d 473, 476 (¶12) (Miss. 2011)). Hayes asserts that the Commission's finding that she did not rebut this presumption is contrary to law. We disagree. Based on our review, the Commission's

11

decision did not rest on any finding about the rebuttable presumption of no loss of wage-earning capacity. The Commission simply concluded that Hayes's unemployability was because of her insubordination, not because of her injury. In reaching this conclusion, the Commission relied on *Lott v. Hudspeth Ctr.*, 26 So. 3d 1044, 1050 (Miss. 2010). In *Lott*, the Supreme Court clarified:

> It is true that a claimant may establish a prima facie case [of loss of wage-earning capacity] by showing that, despite a reasonable job search, she is unable to find the same or similar employment. *However*, this Court has held that a conclusion that the employee is disabled rests on a finding that the claimant could not obtain work in similar or other jobs *and that the claimant's unemployability was due to the injury in question*.

*Id.* at 1050 (¶19) (emphasis added) (citation and internal quotation mark omitted). There, the Supreme Court went on to find that "there [wa]s substantial evidence that [Lott's] lack of employment was not due to [Lott's] injury." *Id.* at 1050 (¶20).

¶28. Here, the Commission concluded the same was true for Hayes. The Commission reached its conclusion based upon the following factual findings: (1) Hayes reached MMI on May 1, 2015; (2) Hayes had a 0% permanent partial impairment rating; (3) Hayes has no restrictions and no limitations with respect to work activities; (4) Hayes was able to perform the regular duties of her employment at Howard Industries without accommodation from September 2015 to December 2015; and (5) Hayes did not continue to work at Howard Industries after December 2015 because of her insubordination, not because of her injury. Because the Commission's conclusion does not turn on any finding related to the rebuttable presumption regarding no loss of wage-earning capacity, Hayes second assignment of error lacks merit.

12

**III.** **Whether the Commission erred in excluding Stewart's vocational report and in admitting Stokes and Zimmerman's arbitration orders.**

¶29. Hayes asserts that the Commission erred by excluding the written vocational report of Tom Stewart and admitting the arbitration order of Stokes. Hayes also asserts that the Commission erred by rejecting the Administrative Judge's decision to deny Howard Industries' motion to admit the arbitration order of Zimmerman. We disagree.

¶30. The Commission has wide discretion in the administration of compensation claims and operates under a relaxed standard in making evidentiary findings. *See* Miss. Code Ann. § 71-3-55(1) (Rev. 2011); *Delta Drilling Co. v. Cannette*, 489 So. 2d 1378, 1380-81 (Miss. 1986). Pursuant to section 71-3-55(1),

> [i]n making an investigation or inquiry or conducting a hearing, the commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this chapter, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.

"It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules." *Delta Drilling Co.*, 489 So. 2d at 1380-81.

### A. Stewart's Vocational Report

¶31. Hayes first contends that the Commission erred in rejecting the Administrative Judge's introduction of Stewart's vocational report into evidence. Stewart prepared a vocational report for Hayes dated June 3, 2016. But prior to Hayes's July 26, 2017 evidentiary hearing, Stewart passed away. Still, Hayes sought to enter Stewart's vocational

13

report into evidence at the hearing. Howard Industries objected to the admission of Stewart's vocational report because Stewart could not be cross-examined and the report could not be authenticated. The Administrative Judge nonetheless allowed Stewart's vocational report to be admitted into evidence. On review, the Commission reversed the Administrative Judge's ruling because Stewart was deceased at the time of the evidentiary hearing.

¶32. Hayes contends the Commission's reversal constituted error because "[h]earsay, even if not corroborated in the traditional sense, is highly probative when it has a strong indicia of reliability and can in many situations be substantial evidence." While this may be true, we do not find that the Commission abused its discretion by excluding Stewart's vocational report. Further, "[f]or a case to be reversed based on the admission or exclusion of evidence, a party must be actually prejudiced, harmed, or have a substantial right adversely affected." *Walls v. Franklin Corp.*, 177 So. 3d 1156, 1164 (¶35) (Miss. Ct. App. 2015) (quoting *Ill. Cent. R.R. v. Brent*, 133 So. 3d 760, 779 (¶42) (Miss. 2013)). At the evidentiary hearing, Hayes had another vocational expert, Smith, testify on her behalf, and Hayes introduced Smith's vocational report into evidence. Accordingly, Hayes was not prejudiced or otherwise adversely affected by the exclusion of Stewart's report, and this issue lacks merit.

### B. Stokes and Zimmerman's Arbitration Orders

¶33. In regard to the admission of the arbitration orders, Hayes contends that the Commission improperly reversed the Administrative Judge's rulings excluding Stoke's order during the hearing and later denying Howard Industries's motion to admit Zimmerman's order. Pursuant to section 71-3-1, Workers' Compensation Law "shall be fairly and

14

impartially construed and applied according to the law and the evidence in the record[.]" This Court has previously found that "the Commission enjoys great latitude in deciding whether to reopen a workers' compensation case for the admission of additional evidence." *Dep't of Agric. & Commerce v. Austin*, 150 So. 3d 994, 999 (¶22) (Miss. Ct. App. 2014) (quoting *Mid-Delta Home Health Inc. v. Robertson*, 749 So. 2d 379, 388 (¶33) (Miss. Ct. App. 1999)). "The decision to reopen a workers' compensation case is purely discretionary with the Commission, and the Commission's order will not be reversed absent a clear abuse of discretion." *Id.* (quoting *Mid-Delta Home Health Inc.*, 749 So. 2d at 387 (¶29)).

¶34. Here, the Commission reversed the Administrative Judge's exclusion of Stokes and Zimmerman's arbitration orders. We cannot say the Commission abused its wide discretion in doing so. Particularly, as to Zimmerman's order, based on our review of the record, Howard Industries did not receive Zimmerman's order until after the Administrative Judge's evidentiary hearing. And, almost immediately, Howard Industries filed a motion to allow and admit additional evidence. We thus find the Commission did not abuse its discretion in rejecting the Administrative Judge's decision denying Howard Industries' motion to admit the additional evidence.

¶35. Hayes also contends that both Stokes and Zimmerman's arbitration orders "are hearsay within hearsay[] and are doubly unreliable and inadmissible." But as discussed *supra*, the Commission operates under a relaxed evidentiary standard. Moreover, Hayes does not refer this Court to any case law demonstrating that it is improper for the Commission to admit relevant arbitration orders into evidence. As the appellant, Hayes "has the duty to

15

make more than mere assertions and should set forth reasons for h[er] arguments and cite authorities in their support." *Walker v. State*, 823 So. 2d 557, 562-63 (¶13) (Miss. Ct. App. 2002). Additionally, Hayes was not prejudiced or otherwise adversely affected by the admission of the arbitration orders. Hayes had a fair opportunity to present her evidence and arguments to both the arbitrators and the Commission. For these reasons, Hayes's assignments of error that the Commission improperly admitted Stokes and Zimmerman's arbitration orders lack merit.

¶36. Finally, Hayes asserts that Mississippi Code Annotated section 71-3-1(1) (Rev. 2011) "mandates that the Commission make its decision based on the evidence in the record, not adopt the decision of an arbitrator." While the Commission does reference the arbitration orders in its order, the Commission does not state that it "adopted" either arbitration order in making its decision. Rather, the Commission's order appropriately sets forth the Commission's factual findings and the law it followed in reaching its decision. Accordingly, Hayes's assertion that the Commission improperly adopted the decisions of the arbitrators lacks merit.

## CONCLUSION

¶37. The Commission is the ultimate fact finder in workers' compensation matters. *Logan*, 238 So. 3d at 1138 (¶11). Upon review, we find that substantial credible evidence supports the Commission's decision here, and that the Commission's decision is not contrary to the law. Further, the Commission has wide discretion in the administration of compensation claims. The Commission did not abuse this discretion in its admission or exclusion of

16

evidence in this matter. Mindful of our deferential standard of review, we affirm the

Commission's decision.

¶38. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR. TINDELL AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**